# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MICKEY MILLER,**

    **Plaintiff,**

  **v.**                                      Case No. 14-CV-1603

**MICHAEL NINKOVIC, et al.,**

    **Defendants.**

## DECISION AND ORDER GRANTING DEFENDANTS' REQUEST FOR JURY INSTRUCTION 7.15 REGARDING THE APPLICATION OF THE EIGHTH AMENDMENT

This alleged excessive force case is scheduled for trial for January 23, 2017. Before me is the question of whether the Eight Amendment or the Fourteenth Amendment applies to the claim. On January 3, 2017, defendants filed a motion *in limine* arguing that the Eighth Amendment applies to plaintiff Mickey Miller's excessive force claim because he was a convicted prisoner at the time of the alleged incident. Miller disagreed, arguing that the Fourteenth Amendment applies to his claim because, although he was a convicted prisoner at the time, he was at the Milwaukee County Jail solely in connection with a pending criminal case, which means he should have been considered a pretrial detainee.

On January 12, 2017, I asked the parties to submit supplemental briefs clarifying the revocation of Miller's extended supervision in connection with a 2003 felony conviction and to identify any cases that had addressed Miller's "dual status" argument since the Supreme Court's decision in *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015). The parties did so on January 18, 2017.

Defendants clarified that Miller had been granted extended supervision for the 2003 felony conviction case on December 25, 2012. However, based on a March 1, 2013 incident which also resulted in new charges, Miller faced revocation of his extended supervision. On October 23, 2013, Miller waived his right to contest the revocation. As a result, an Order of Revocation was signed on October 24, 2013 and amended on October 25, 2013. On January 28, 2014, the duration of Miller's confinement was set at two years. Additionally, Miller was convicted in connection with the March 1, 2013 incident and was sentenced to two consecutive five-month sentences beginning on August 26, 2013. Defendants therefore argue that Miller's revoked status made him a convicted prisoner at the time he was at the Milwaukee County Jail on December 5, 2013 and the Eight Amendment applies to his excessive force claim.

Miller does not contest that he was a prisoner on December 5, 2013 based upon his revocation status. However, he argues that because he was at the Milwaukee County Jail to attend a hearing on a pending case, while there, he was a pretrial detainee. Accordingly, he argues the Fourteenth Amendment applies. He further explains that the Jail "primarily" houses pretrial detainees, while the Milwaukee House of Corrections and Wisconsin Prison System house individuals who are serving sentences after being convicted of a crime. As such, he states that, to promote officer and inmate safety, a consistent standard should be applied to all of the inmates at the Jail, regardless of what their status may actually be.

After reviewing the clarified chronology of the revocation of Miller's extended supervision, there is no doubt that Miller was a convicted prisoner as of December 5, 2013. Miller concedes as much. And the law is clear that the Eighth Amendment applies to claims of excessive force made by convicted prisoners. *See Kinney v. Indiana Youth Center*, 950 F.2d

462, 465 (7th Cir. 1991). The question is thus whether the fact that Miller was at Milwaukee County Jail for a case he had not been convicted of change this. While Miller's argument that a uniform pretrial detainee standard should apply at the jail has its appeal, it would in essence create a dual status for Miller and similarly situated persons. Miller has cited to no cases and I have found none supporting such a position. As defendants point out, Miller did not lose his status as a convicted prisoner merely because he was transferred to a different location, nor does he get enhanced constitutional rights simply because he is alleged to have committed *additional* crimes for which he had not yet been tried. *See Joost v. Cornell Corrections Inc.*, Case No. 97-512T, 1998 WL 939531, at *2 (D.R.I. Dec. 11, 1998) (holding that plaintiff's "dual status" argument was not persuasive: the "fact that for a portion of the time that he was incarcerated at Wyatt he was awaiting retrial on the firearm charge does not obviate the fact that he was also imprisoned as a convicted felon."). Accordingly, I will grant defendants' motion *in limine* requesting that I instruct the jury to apply the Eight Amendment standard to Miller's excessive force claim.

**FOR THE REASONS STATED, IT IS ORDERED** that plaintiff's motion for the application of the Fourteenth Amendment (Docket # 190) is **DENIED**, and defendants' motion for the application of the Eighth Amendment (Docket # 194) is **GRANTED**.

**IT IS FURTHER ORDERED** that the hearing scheduled for January 20, 2017 at 10:30 a.m. is **REMOVED** from the calendar.

Dated at Milwaukee, Wisconsin this 20th day of January, 2017.

          BY THE COURT:

          *s/Nancy Joseph*_____
          NANCY JOSEPH
          United States Magistrate Judge